24UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **BEATINA R. MARSHALL,** | **2:24-CV-12326-TGB-KGA** |
| Plaintiff, | HON. TERRENCE G. BERG |
| vs. | **ORDER DENYING MOTION FOR RECONSIDERATION (ECF NO. 16)** |
| **CINDY EVERSBERG, DAWN BOSCARINO, and CURE INSURANCE,** | |
| Defendants. | |

Now before the Court is Plaintiff Beatina R. Marshall's construed motion for reconsideration of the Court's order dismissing her case without prejudice for failure to prosecute. ECF No. 16. For the reasons that follow, that motion will be **DENIED.**

## I.    BACKGROUND

On September 6, 2024, Plaintiff Beatina R. Marshall, proceeding pro se, filed this lawsuit and an application to proceed in forma pauperis. ECF Nos. 1, 2. On December 13, 2024, the Court granted Marshall's application and ordered her to complete service documents and present them to the Clerk's office within 14 days for service by the United States Marshal. ECF Nos. 7, 8.

Plaintiff failed to timely provide the service documents to the Clerk's Office or serve process on the Defendants, and accordingly the

Court issued a show cause order to Marshall on January 15, 2025 to show cause by January 22, 2025 why this case should not be dismissed for failure to prosecute pursuant to E.D. Mich. LR 41.2. ECF No. 9. In that order, the Court warned that "[f]ailure to respond may result in dismissal of the case." *Id.*

Marshall was given pro se e-filing access in this case on January 23, 2025, which means she would receive instantaneous service via email of all filings in this case, including the Court's Orders. *See* E.D. Mich. Electronic Filing Policies and Procedures at pp. 2–3, 6, fn.1.[1] Marshall filed a letter on January 28, 2025 stating that she had been ill and also misunderstood what she was required to do to effect service and that she would call the Court for further instruction. ECF No. 12. Marshall also filed several copies of her complaint, case documents, and summons, and a collection of documents, account statements, etc. ECF Nos. 10, 11, 13. She did not, however, return complete and proper service documents to the Clerk's Office.

Accordingly, on February 19, 2025, the Court issued a second show cause order directing Marshall to show cause, in writing, by February 26, 2025, why this case should not be dismissed for failure to prosecute. ECF No. 14. That Order again stated that "[f]ailure to prosecute may result in dismissal of the case." *Id.* Further, the docket entry for this Order stated,

---

[1] The E.D. Mich. Electronic Filing Policies and Procedures is available at https://www.mied.uscourts.gov/PDFFIles/policies_procedures.pdf.

"PLEASE BRING SERVICE COPIES TO THE CLERK'S OFFICE TO COMPLETE SERVICE."

Marshall failed to respond to the second show cause order, to bring service copies into the Clerk's Office, or take any other action in this case. Accordingly, on April 14, 2025, the Court dismissed Marshall's Complaint without prejudice for failure to prosecute pursuant to E.D. Mich. LR 41.2. ECF No. 15.

On May 5, 2025, Marshall filed a 172-page document that the Court will construe as a motion for reconsideration of the Court's order dismissing her case. ECF No. 16. In the first ten pages of this document, Marshall states that while she was informed that her service documents "were completed incorrectly," she did not understand what she was required to do to serve process on the Defendants. Marshall refers to documents she previously submitted to the Court in January 2025, which were insufficient to complete service of process, but does not address or try to explain her complete failure to respond to the Court's February 19, 2025 show cause order, nor does she say what actions she took, if any, after the Court's entry of that order. *See id.* PageID.523–32. The remaining 162 pages of the document contain a variety of documents, including the Court's Order dismissing this case for failure to prosecute, copies of prior filings by Marshall, bank statements, various job postings, and medical records. *Id.* PageID.533–694.

## II.   DISCUSSION

A party seeking reconsideration of a final order must file a motion under Federal Rule of Civil Procedure 59(e) or 60(b). E.D. Mich. LR 7.1(h)(1). Though not styled as such, the Court will construe Marshall's pro se motion as filed under these rules.

There are four reasons a motion for reconsideration under Rule 59(e) may be granted: "(1) because of an intervening change in the controlling law; (2) because evidence not previously available has become available; (3) to correct a clear error of law; or (4) to prevent manifest injustice." *Zucker v. City of Farmington Hills*, 643 F. App'x 555, 562 (6th Cir. 2016) (quoting *Hayes v. Norfolk S. Corp.*, 25 F. App'x 308, 315 (6th Cir. 2001)). Marshall does not provide any basis for reconsideration under this standard as none of the Rule 59(e) reasons appear to track Marshall's argument based on confusion about the status of service of process documents in this case. She fails to address her complete failure to respond to the Court's second "Order to Show Cause Why This Case Should Not be Dismissed for Failure to Prosecute," which required a response on or before February 26, 2025, and instead relies on her court filings before that date, which contained incomplete service documents. Marshall therefore fails to justify relief under Rule 59(e). *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n. 5 (2008) (citation omitted) ("Rule 59(e) ... 'may not be used to relitigate old matters.'").

"Though Rule 59(e) relief is rare, relief under Rule 60(b) is even more extraordinary." *Zucker*, 643 F. App'x at 562. Relief under this rule "is granted only in exceptional circumstances." *McAlpin v. Lexington 76 Auto Truck Stop, Inc.*, 229 F.3d 491, 502–03 (6th Cir. 2000) (internal citation omitted). Rule 60(b) provides as grounds for relief: mistake, inadvertence, surprise, or excusable neglect; fraud, misrepresentation, or misconduct by an opposing party; or any other reason that justifies relief. *See* Fed. R. Civ. P. 60(b)(1)–(6); *Booth v. Garden*, No. 2:14-CV-197-RJS, 2018 WL 522329, at *1 (D. Utah Jan. 22, 2018) (citations omitted) (stating that a litigant whose claim has been dismissed for failure to prosecute can win relief from the judgment under Rule 60(b) if he can "show the [statutory] grounds warranting relief" and "how [they] prevented him from responding to the Court"). "[T]he party seeking relief under Rule 60(b) bears the burden of establishing the grounds for such relief by clear and convincing evidence." *Info–Hold, Inc. v. Sound Merch., Inc.,* 538 F.3d 448, 454 (6th Cir. 2008) (citations omitted).

As above, Marshall's motion alleges no facts that suggest any exceptional circumstances that merit this extraordinary relief, much less clear and convincing evidence of a right to relief under Rule 60(b). To the extent Marshall's motion is construed to assert "mistake" by the Court under Rule 60(b)(1), that argument fails. Marshall merely refers to prior court filings which contained incomplete service documents and arguments she made before to the Court in January 2025. She ignores

her failure to respond to the Court's second February 2025 show cause order, and otherwise generally asserts her inexperience with the required legal rules and procedures. However, "Rule 60(b) is not a vehicle to give the losing litigant a second bite at the apple." *Kline v. Mortg. Elec. Registration Sys., Inc.*, 704 F. App'x 451, 466 (6th Cir. 2017); *see also Bryant v. Allied Universal Security Servs.*, No. 1:18CV1800, 2019 WL 6317319 at * 2 (N.D. Ohio Nov. 26, 2019) ("Like Rule 59(e), Rule 60(b) does not permit parties to relitigate the merits of a claim or to raise new arguments that could have been raised in the initial complaint."). Moreover, "[c]arelessness by a litigant ... does not afford a basis for relief under Rule 60(b)(1)." *Pelican Prod. Corp. v. Marino*, 893 F.2d 1143, 1146 (10th Cir. 1990). Marshall does not present "newly discovered evidence" under Rule 60(b)(2) or demonstrate "fraud ..., misrepresentation, or misconduct by an opposing party" under Rule 60(b)(3). Fed. R. Civ. P. 60(b)(2)–(3). She also does not identify issues with the judgment that satisfy Rule 60(b)(4) or (5), and she does not identify "any other reason that justifies relief" under Rule 60(b)(6).

Finally, in reaching this decision, the Court is cognizant of Marshall's pro se status. Although the Court must liberally construe Marshall's pleadings, *see Estelle v. Gamble,* 429 U.S. 97, 106 (1976), "[t]he leniency granted to *pro se* petitioners ... is not boundless." *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004). The United States Supreme

Court has cautioned that this leniency does not relieve a pro se litigant of the obligation to follow a court's procedural rules:

> we have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel. As we have noted before, "in the long run, experience teaches that strict adherence to the procedural requirements specified by the legislature is the best guarantee of evenhanded administration of the law."

*McNeil v. United States*, 508 U.S. 106, 113 (1993) (quoting *Mohasco Corp. v. Silver*, 447 U.S. 807, 826 (1980)); *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989) (pro se litigants are not exempt from the requirements of the Federal Rules of Civil Procedure). Thus, "the lenient treatment generally accorded to pro se litigants has limits," *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996), and pro se parties must "follow the same rules of procedure that govern other litigants," *Nielson v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994) (citation omitted). *See, e.g., In re Sharwell*, No. 97-3320, 1997 WL 681509, at *1 (6th Cir. Oct. 30, 1997) (unpublished table opinion) ("While Sharwell was proceeding pro se and may not have fully understood the rules of procedure, he was still required to comply with the rules; his pro se status does not exempt him from compliance.") (citing *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991)); *Jones v. Phipps*, 39 F.3d 158, 163 (7th Cir. 1994) ("[P]ro se parties are not entitled to a general dispensation from the rules of procedure or court imposed deadlines."). When "a *pro se* litigant fails to comply with an easily

understood court-imposed deadline, there is no basis for treating that party more generously than a represented litigant." *Pilgrim*, 92 F.3d at 416.

Marshall fails to show she is entitled to relief under Rules 59(e) or 60(b) of the Federal Rules of Civil Procedure. She was given ample time to correct her errors before the Court dismissed her claim, and she was warned twice that the "[f]ailure to prosecute may result in dismissal of the case." ECF Nos. 9, 14. In addition, she does not address or explain her failure to respond in any way to the Court's second show cause order, which led to the dismissal of this case without prejudice. Moreover, dismissal under Rule 41(b) is in line with rule's applicable policy of "prevent[ing] undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–30 (1962). Accordingly, the Court's dismissal does not result in manifest injustice and Marshall's motion for reconsideration of the dismissal order in this case will be **DENIED**.

## III.  CONCLUSION

This Court previously dismissed this case because Ms. Marshall did not follow the directions of the Court regarding serving the complaint on the opposing parties. The dismissal was "without prejudice" which means that the Plaintiff is not prohibited from re-filing the complaint and pursuing the same claims by following the court's rules correctly. But nevertheless, for the reasons stated above, Marshall's motion for

reconsideration of the Court's order dismissing her case without prejudice for failure to prosecute, ECF No. 16, is **DENIED**.

**IT IS SO ORDERED.**

Dated: January 12, 2026      /s/Terrence G. Berg
                            HON. TERRENCE G. BERG
                            UNITED STATES DISTRICT JUDGE

9